■ In the Matter of the Claim of FREDERICK J. MERCIER, Appellant. COMMISSIONER OF LABOR, Respondent. [744 NYS2d 776] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 5, 2001, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant left his employment as a clerk/receptionist after being reprimanded by his supervisor for speaking discourteously to a fellow employee. Claimant testified that an additional reason for his resignation was the stress engendered by his heavy workload and his concern that work-related stress might exacerbate his heart condition. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving benefits because he voluntarily left his employment for personal and noncompelling reasons at a time when work was still available. We affirm.

A supervisor's criticism does not constitute good cause for leaving one's employment (see, Matter of Parisi [Commissioner of Labor], 284 AD2d 881; Matter of Shabbir [Sweeney], 242 AD2d 820), nor may an allegedly work-related physical or mental disorder constitute good cause unless evidence is submitted showing that the claimant's resignation was medically necessary or was undertaken upon the advice of a physician (see, Matter of Levinn [Commissioner of Labor], 249 AD2d 856, 857; Matter of Robinson [Sweeney], 245 AD2d 939, 940). As no proof of claimant's medical condition was submitted other than his own unsupported assertions, we conclude that substantial evidence supports the Board's decision finding that claimant left his employment under disqualifying circumstances.

Cardona, P.J., Mercure, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.